G. HIRSCH'S SONS v. UNITED STATES.

(Circuit Court, S. D. New York.   May 19, 1905.)

No. 3,725.

CUSTOMS DUTIES—CLASSIFICATION—STRUNG GELATIN SPANGLES.

Gelatin spangles strung on cord, and used in making trimmings or ornaments for wearing apparel, are ejusdem generis with the articles enumerated in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], providing for "ornaments, trimmings and other articles" composed of gelatin spangles, and are dutiable under that provision, rather than under paragraph 450 (30 Stat. 193 [U. S. Comp. St. 1901, p. 1678]) relating to "manufactures of * * * gelatin."

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question affirmed the assessment of duty by the collector of customs at the port of New York. Note G. A. 5,818, T. D. 25,695, and Louis Metzger & Co. v. U. S. (C. C.) 141 Fed. 381.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question consists of spangles made of gelatin, strung on cord, and used in making

trimmings or ornaments for wearing apparel. They were assessed for duty under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 408, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], at 60 per cent. ad valorem, as "ornaments, trimmings, and other articles, not specially provided for in this act, composed wholly or in part of spangles made of * * * gelatin." The importer has protested, claiming that they are dutiable, under the provisions of paragraph 450 of said act (30 Stat. 193 [U. S. Comp. St. 1901, p. 1678]), as manufactures of gelatin not specially provided for.

The testimony shows that the spangles as imported in their strung condition are adapted to be used, and are actually used, as ornaments and for trimmings. They are thus distinguished from the articles considered in Steinhardt v. U. S. (C. C.) 113 Fed. 996, where beads were merely temporarily strung upon a cotton thread. In these circumstances the spangles must be held to be ejusdem generis with the other articles specifically enumerated in paragraph 408.

The decision of the Board of General Appraisers is affirmed.